H.H. (Shashi) Kewalramani (SBN 262290)
LEE JORGENSEN PYLE & KEWALRAMANI, PC
440 W. 1st Street, Suite 205
Tustin, CA  92780
Telephone:  (714) 252-6611
Facsimile:  (714) 602-4690
Email:  shashi@ljpklaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
BRETT M. PINKUS (*Pro Hac Vice To Be Filed*)
GLENN S. ORMAN (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  pinkus@fsclaw.com
Email:  orman@fsclaw.com

Attorneys for Plaintiff
BACK BAY MEDICAL INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BACK BAY MEDICAL INC., <br><br> Plaintiff, <br><br> vs. <br><br> CODMAN & SHURTLEFF, INC., and CORDIS CORPORATION, <br><br> Defendants. | CASE NO. SA 14-CV-1588 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT, SA 14-CV-1588

...

Plaintiff BACK BAY MEDICAL INC. files its Complaint against Defendants CODMAN & SHURTLEFF, INC., and CORDIS CORPORATION, alleging as follows:

## **THE PARTIES**

1. Plaintiff BACK BAY MEDICAL INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 600 Anton Boulevard, Suite 1350, Costa Mesa, CA 92626.

2. Upon information and belief, CODMAN & SHURTLEFF, INC. ("Codman") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Raynham, Massachusetts. Codman may be served with process through its registered agent CT Corporation System, located at 155 Federal Street, Suite 700, Boston, MA 02110.

3. Upon information and belief, CORDIS CORPORATION ("Cordis") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Bridgewater, New Jersey. Cordis may be served with process through its registered agent CT Corporation System, located at 818 West Seventh Street, Second Floor, Los Angeles, CA 90017.

4. Upon information and belief, Codman is a medical technology company that develops and markets a wide range of diagnostic and therapeutic products for the treatment of neurological and neurovascular disorders. Codman is a subsidiary of Johnson & Johnson.

5. Upon information and belief, Cordis is a medical technology company with a range of products for various interventional procedures. Cordis is a subsidiary of Johnson & Johnson.

## **JURISDICTION AND VENUE**

6. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a). Upon

information and belief, Defendants are subject to personal jurisdiction by this Court. Defendants have committed such purposeful acts and/or transactions in the State of California that they reasonably knew and/or expected that they could be hailed into a California court as a future consequence of such activity. Defendants make, use, and/or sell infringing products within the Central District of California and have a continuing presence and the requisite minimum contacts with the Central District of California such that this venue is a fair and reasonable one. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the Central District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

## PATENTS-IN-SUIT

7. On January 24, 2006, United States Patent No. 6,989,024 B2 ("the '024 Patent") was duly and legally issued for "Guidewire Loaded Stent for Delivery Through a Catheter." A true and correct copy of the '024 Patent is attached hereto as Exhibit A and made a part hereof.

8. On February 4, 2014, United States Patent No. 8,641,748 B2 ("the '748 Patent" was duly and legally issued for "Guidewire Loaded Stent for Delivery Through a Catheter." A true and correct copy of the '748 Patent is attached hereto as Exhibit B and made a part hereof.

9. The '024 Patent and the '748 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

10. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to a system for delivery of a vascular prosthesis within tortuous regions of the body having small diameter vessels, such as the peripheral or intracranial vasculature.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

11. Plaintiff repeats and realleges every allegation set forth above.

12. Plaintiff is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

13. Upon information and belief, and without authority, consent, right, or license, and in direct infringement of the Patents-in-Suit, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products or systems that infringe one or more claims in the Patents-in-Suit. Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

14. More specifically, Defendants, at a minimum, have directly infringed and continue to directly infringe at least Claim 18 of the '024 Patent and at least Claim 12 of the '748 Patent because they manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale neurovascular intervention prostheses and delivery systems, including at least the Enterprise Vascular Reconstruction Device ("Enterprise").

15. Upon information and belief, the Enterprise was manufactured, distributed, and sold by Cordis Neurovascular, Inc., which operated as a subsidiary of Cordis until in or around January 2009, when it became a business unit of Codman known as Codman Neurovascular. The Enterprise has since been and is presently manufactured, distributed, and sold by the Codman Neurovascular business unit of Codman.

16. Defendants have had actual notice of the Patents-in-Suit at least as early as the receipt of this Complaint.

17. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately

1  compensates Plaintiff for their infringement, which, by law, cannot be less than a
2  reasonable royalty, together with interest and costs as fixed by this Court under 35
3  U.S.C. § 284.

4      18.    Upon information and belief, Defendants will continue their
5  infringement of the Patents-in-Suit unless enjoined by the Court. Defendants'
6  infringing conduct has caused Plaintiff irreparable harm and will continue to cause
7  such harm without the issuance of an injunction.

8      19.    Plaintiff reserves the right to assert additional claims of the Patents-in-
9  Suit.

## PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.    Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b.    Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of their infringing activities and other conduct complained of herein;

c.    That Defendants, their officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit. In the alternative, if the Court finds that an injunction is not warranted, Plaintiff requests an award of post judgment royalty to compensate for future infringement;

d.    That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its services, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

COMPLAINT FOR PATENT INFRINGEMENT, SA 14-CV-1588

e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 30, 2014.

/s/
H.H. (Shashi) Kewalramani (SBN 262290)
Lee Jorgensen Pyle & Kewalramani
440 W. 1st Street, Suite 205
Tustin, CA  92780
Telephone:  (714) 252-6611
Facsimile:  (714) 602-4690
Email:  shashi@lkpklaw.com

Jonathan T. Suder
Brett M. Pinkus
Glenn S. Orman
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  pinkus@fsclaw.com
Email:  orman@fsclaw.com

Attorneys for Plaintiff
BACK BAY MEDICAL INC.

COMPLAINT FOR PATENT INFRINGEMENT, SA 14-CV-1588